**SO ORDERED.**

**SIGNED this 22 day of January, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

    STRATEGIC ALLIANCE GROUP, INC.,

        Debtor.    Case No.: 04-04733-8-JRL
                Chapter 7

_____

JAMES B. ANGELL,
CHAPTER 7 TRUSTEE FOR
STRATEGIC ALLIANCE GROUP, INC.,

        Plaintiff,

v.    Adversary Proceeding No.:
      L-05-00239-8-AP

DONALD K. BRAILSFORD,

        Defendant.

_____

**<u>ORDER</u>**

    This case is before the court on the Bill of Costs presented to the court by Norman Brailsford. On July 22, 2005, the Chapter 7 trustee filed this adversary proceeding against Donald Brailsford. On January

19, 2006, the trustee amended the complaint and added Norman Brailsford as a defendant. On November 22, 2006, the trustee voluntarily moved to dismiss his claims against Norman Brailsford. By order of December 13, 2006, the court granted the voluntary dismissal without prejudice.

Voluntary dismissal by court order, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, is made applicable to adversary proceedings by way of Rule 7041 of the Federal Rules of Bankruptcy Procedure. The Fourth Circuit holds that a voluntary dismissal without prejudice under Rule 41(a)(2) does not render a defendant a prevailing party. Best Indus., Inc. v. CIS BIO Int'l, Inc., 134 F.3d 362, 1998 WL 39383 at *4 (4th Cir. 1998)(following Szabo Food Service, Inc. v. Canteen Corp., 823 F.2d 1073, 1076-77 (7th Cir. 1987)).

Because Norman Brailsford is not a prevailing party eligible for an award of costs, the court denies the Bills of Costs.

END OF DOCUMENT